UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TAMMY ATCHLEY, a single woman, | No. |
| Plaintiff, | COMPLAINT |
| vs. | |
| KELSO HOUSING AUTHORITY, a municipal corporation, | |
| Defendant. | |

Plaintiff Tammy Atchley alleges as follows:

## I. INTRODUCTION

1. This case concerns Defendant's decision to terminate Tammy Atchley's housing choice voucher. Ms. Atchley is a 47-year old woman with significant mental and physical disabilities who has lived at Kelso Housing Authority owned Chinook Apartments since 2019, the whole time with a Kelso Housing Authority housing choice voucher.

2. Kelso Housing Authority terminated Ms. Atchley's voucher for alleged serious and repeated lease violations, namely permitting disturbing noises in or about her dwelling unit, allowing unauthorized guests into her home and allowing them to have unlimited access to the secure building. Ms. Atchley timely appealed and the hearing officer found that Ms. Atchley

COMPLAINT  - 1

Northwest Justice Project
1338 Commerce Avenue, Suite 210
Longview, Washington 98632
Phone: (206) 707-0837  Fax: (206) 299-3012
e-mail:  lisawt@nwjustice.org

1  committed serious and repeated violations of her lease because she allowed a guest to smoke in her unit, she had unauthorized guests and she compromised the security of the building. The decision did not include finding of facts regarding evidence of unauthorized guests or security breaches, nor were "unauthorized" guests or requirements for tenant escort of guests terms in her lease agreement. Additionally, Kelso Housing Authority's termination did not include guests smoking in her unit as grounds for the voucher termination.

3. Ms. Atchley seeks to enjoin the Housing Authority from terminating her voucher, as well as damages caused by the Housing Authority's decision to terminate her housing choice voucher without due process of law. Without this Court's relief, Ms. Atchley will be homeless and unable to afford housing.

## II.   JURISDICTION AND VENUE

4. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. §3613(a) under the Fair Housing Act, and under 42 U.S.C. §1983. This Court has jurisdiction to hear and determine Plaintiff's request for declaratory judgment pursuant to 28 U.S.C. § 2201(a).

5. Venue is proper in the Western District of Washington because the claims arise in Cowlitz County.

## III.   PARTIES

6. Plaintiff Tammy Atchley is a resident of Cowlitz County, and resides at Chinook, an apartment owned by Kelso Housing Authority, with a housing choice voucher, administered by Kelso Housing Authority.

7. Defendant Kelso Housing Authority is a municipal corporation organized under the laws of the state of Washington to provide housing for low-income people. Defendant receives federal financial assistance to provide this housing and administer the Housing Choice

COMPLAINT - 2

**Northwest Justice Project**
1338 Commerce Avenue, Suite 210
Longview, Washington 98632
Phone: (206) 707-0837  Fax: (206) 299-3012
e-mail: lisawt@nwjustice.org

Voucher Program. All acts taken by Defendant alleged herein were taken under color of state law.

### IV. FACTS

8. Ms. Atchley has significant mental and physical disabilities that amount to her having serious issues with her back, legs and shoulders. In the last eight years she has had 46 surgeries and relies on mobility devices to stand and walk. She currently has a fractured pelvis and a broken hip. As a result, Ms. Atchley's mobility is substantially impaired.

9. Ms. Atchley's only source of income is Supplemental Security Income.

10. Until it was terminated, Ms. Atchley was able to pay her rent using a housing choice voucher from Kelso Housing Authority. Without this assistance, Ms. Atchley will not be able to afford rent.

11. On or around May 12, 2022, Ms. Atchley received notice the Kelso Housing Authority would be terminating her assistance through the Housing Choice Voucher Rental Assistance Program for serious and repeated violations of the rental agreement. The factual allegations contained in the notice alleged that Ms. Atchley had "unauthorized" guests staying with her and having access to the secure building, there was an ongoing disturbance created by multiple people wanting to gain access to the secure building, that guests were propping the door open with rocks and that Ms. Atchley had allowed an evicted tenant onto Kelso Housing Authority property.

12. Ms. Atchley requested and received an administrative hearing regarding her voucher termination. The Housing Authority conducted this hearing on June 29, 2022.

13. The hearing officer upheld the termination of Ms. Atchley's voucher.

COMPLAINT - 3

Northwest Justice Project
1338 Commerce Avenue, Suite 210
Longview, Washington 98632
Phone: (206) 707-0837  Fax: (206) 299-3012
e-mail:  lisawt@nwjustice.org

14. The hearing officer stated there were repeated serious lease violations, namely: guests smoking in Ms. Atchley's unit, "unauthorized" guests and compromising the security of the building.

15. The hearing officer's decision was not supported by any evidence that the lease agreement prohibits or even defines "unauthorized" guests; nor was there any indication the lease agreement included provisions regarding escorting guests to and from the front door or prohibitions about propping any of the doors open.

16. The hearing officer's decision indicated Ms. Atchley had allowed a guest to smoke in her unit.

17. The November 4, 2021 10-day comply notice alleges during a unit inspection in April 2021 a male was smoking in Ms. Atchley's unit, but smoking was not referenced as a repeat or even singular violation in the May 12, 2022 voucher termination notice. Additionally, smoking is not listed in the lease agreement as a serious lease violation.

18. On November 10, 2021, in response to the November 4, 2021 10-day comply notice, Ms. Atchley submitted a request for a bigger apartment so she could more readily use her wheelchair and scooter in her apartment and a non-secure building because she is not physically able to let company in and out due to surgeries and falls and physical ability. Ms. Atchley made this request as a reasonable accommodation of the Housing Authority's policies due to her disability related needs.

19. The Housing Authority responded on December 9, 2021 stating a transfer could not happen because the Chinook only has studios. They did not address Ms. Atchley's statement that she could not let her company in and out due to her disabilities. The Chinook has many units larger than Ms. Atchley's, some of them accessible to people with disabilities. Also, Kelso

COMPLAINT - 4

Housing Authority owns a multifamily apartment complex right next door to the Chinook that are significantly larger, some even one-bedroom units.

20. The Housing Authority did not discuss with Ms. Atchley whether an alternative accommodation could effectively address her disability-related needs without a fundamental alteration to the Housing Choice Voucher program and without imposing an undue financial and administrative burden.  Under their administrative plan the Housing Authority is required to invite further discussion about alternative solutions  if they do not intend to grant a requested accommodation. Instead the Housing Authority denied the November 10, 2021 request and terminated the conversation.

21. On June 24, 2022 Ms. Atchley made a second request for accommodation, asking, in part, for an alternative to escorting her guests in and out of the building, for the Housing Authority to install an ADA push plate that allows an outside door to automatically open and to move her to an accessible apartment that is not on the ground floor.

22. The Housing Authority did not respond to this request.

23. In its decision terminating her voucher, the hearing officer responded to the June 24, 2022 request, finding a request to compromise security is not reasonable as it affects the health and safety of residents and that the Chinook was only compromised of studio apartments. The hearing officer did not address Ms. Atchley's request for an ADA push plate or acknowledge that other, larger accessible studios exist at the Chinook or at other properties owned by the Housing Authority

24. Although the Housing Authority knew of Ms. Atchley's physical disabilities, she was repeatedly threatened with eviction  for not always escorting her guests in and out of the building. Ms. Atchley's disabilities substantially limit her ability to escort any and all guests as required by the Housing Authority's policies.

Northwest Justice Project
1338 Commerce Avenue, Suite 210
Longview, Washington 98632
Phone: (206) 707-0837  Fax: (206) 299-3012
e-mail:  lisawt@nwjustice.org

25. Ms. Atchley's hearing is not the only hearing conducted pursuant to these defective procedures by the Housing Authority and the Housing Authority acted pursuant to a policy, practice or custom when it terminated Ms. Atchley's benefits through its hearing procedures.

## V.     CLAIMS FOR RELIEF

A. FIRST CLAIM FOR RELIEF: DISCRIMINATION IN THE PROVISION OF HOUSING

26. As alleged above, Defendant's decision to deny Ms. Atchley a reasonable accommodation is a violation of the Fair Housing Act, the Washington Law Against Discrimination, and Section 504 of the Rehabilitation Act of 1973.

27. One type of disability discrimination prohibited under the Fair Housing Act and Washington Law Against Discrimination is the refusal to make reasonable accommodations in the rules, policies, practices, or services when such accommodations may be necessary to afford a person with a disability the equal opportunity to use and enjoy a dwelling.

28. Housing providers who receive federal financial assistance are subject to the requirements of Section 504 of the Rehabilitation Act of 1973. Section 504 of the Rehabilitation Act prohibits discrimination against those with disabilities and requires housing providers who receive federal financial assistance to provide reasonable accommodations to residents with disabilities.

29. By refusing to entertain any accommodation that could have resulted in Ms. Atchley being able to use and enjoy her dwelling, and prevented the basis for which the Housing Authority terminated her voucher, Defendant discriminated against her in the provision of housing.

Northwest Justice Project
1338 Commerce Avenue, Suite 210
Longview, Washington 98632
Phone: (206) 707-0837  Fax: (206) 299-3012
e-mail: lisawt@nwjustice.org

30. Defendant's termination of Ms. Atchley's voucher in spite of her request for a reasonable accommodation is discrimination in the provision of housing on the basis of disability.

31. Defendants have no substantial, legitimate justification for their action.

32. Plaintiff has suffered economic and non-economic injuries as a direct and proximate result of these alleged discriminatory actions and face additional injury in the future if she is cannot find affordable housing because her voucher was terminated.

33. Plaintiff seeks relief from this unlawful discrimination under the Fair Housing Act (42 U.S.C. §3604), Washington Law Against Discrimination (RCW 49.60.222), and Section 504 of the Rehabilitation Act (29 U.S.C. §794).

B. SECOND CLAIM FOR RELIEF: VIOLATION OF DUE PROCESS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

34. Plaintiff is entitled to the protections of the Due Process Clause in grievance hearings administered by the Housing Authority prior to the termination of her public benefit.

35. Federal rights include notice of the proposed action and the grounds asserted, the opportunity to present reasons for the proposed action not to be taken, the right to receive from the housing authority in advance the evidence to be used against the resident at the hearing, the right to present evidence, including the right to call witnesses, a requirement that the tribunal prepare a record of the evidence presented and a requirement that the tribunal prepare written findings of fact and the reasons for its decision.

36. A recipient of a valuable property interest also has the right not to have that interest taken away for arbitrary and capricious reasons.

COMPLAINT - 7

Northwest Justice Project
1338 Commerce Avenue, Suite 210
Longview, Washington 98632
Phone: (206) 707-0837  Fax: (206) 299-3012
e-mail:  lisawt@nwjustice.org

37. The Housing Authority's decision denied due process because the housing officer stated Ms. Atchley's housing was being terminated because there were guests smoking in her unit, yet that was not a reason stated in Kelso Housing Authority's notice of termination, the lack of notice impeded Ms. Atchley's ability to call witnesses and defend the allegation of smoking violations, and the hearing officer only referenced one instance of a guest smoking in Ms. Atchley's residence.

38. The Housing Authority's decision further denied due process because the hearing officer characterized Ms. Atchley's violations as serious and repeated lease violations, when smoking is not characterized in the lease agreement as a serious violation and "unauthorized" guests and building security are not even referenced in the lease agreement as violations or tenant obligations.

39. The Housing Authority's decision violated Ms. Atchley's right to due process because it did not state a summary of evidence, nor findings of fact that supported termination of her benefits, as required by the Kelso Housing Authority administrative plan.

40. The Housing Authority violated Ms. Atchley's right to due process because it did not record the hearing although Ms. Atchley requested it, in violation of the Kelso Housing Authority administrative plan.

41. The Housing Authority is liable for deprivation of Ms. Atchley's federal rights under 42 U.S.C. sec. 1983.

C. THIRD CLAIM FOR RELIEF: VIOLATION OF THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION

42. Defendant deprived, and is continuing to deprive, Plaintiff of the rights secured to her by the First Amendment to the United States Constitution.

Northwest Justice Project
1338 Commerce Avenue, Suite 210
Longview, Washington 98632
Phone: (206) 707-0837  Fax: (206) 299-3012
e-mail: lisawt@nwjustice.org

43. By instructing Ms. Atchley that she is not permitted to have "unauthorized guests," and terminating her public benefit for this reason, Defendant violated, and is continuing to violate, Plaintiff's right to freedom of association.

44. The Housing Authority is liable for deprivation of Ms. Atchley's federal rights under 42 U.S.C. sec. 1983.

## VI.  RELIEF REQUESTED

Plaintiff requests the following relief:

1. That the Court temporarily, preliminarily and permanently enjoin Defendant to reinstate Ms. Atchley's housing choice voucher until such time as it provides notice and a hearing that complies with the Due Process Clause;

2. That the Court temporarily, preliminarily and permanently enjoin Defendant from denying a reasonable accommodation of Ms. Atchley's disability;

3. That the Court declare that the Housing Authority's policies against unauthorized guests violates the Right to Associate guaranteed by the First Amdendment;

4. That the Court declare that the Hosuing Authority violated Ms. Atchley's right to be free from discrimination in the provision of housing

5. Damages to which the Plaintiff may be entitled;

6. Plaintiff's costs and attorney fees;

7. And any other relief to which the Plaintiff may be entitled.

COMPLAINT - 9

Northwest Justice Project
1338 Commerce Avenue, Suite 210
Longview, Washington 98632
Phone: (206) 707-0837  Fax: (206) 299-3012
e-mail: lisawt@nwjustice.org

DATED this 18th day of August 2022

NORTHWEST JUSTICE PROJECT

/s/Lisa Waldvogel
Lisa Waldvogel, WSBA #25990


/s/Scott Crain
Scott Crain, WSBA#37224
Attorneys for Plaintiff

COMPLAINT - 10

**Northwest Justice Project**
1338 Commerce Avenue, Suite 210
Longview, Washington 98632
Phone: (206) 707-0837  Fax: (206) 299-3012
e-mail:  lisawt@nwjustice.org