UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TAMMY ATCHLEY,

          Plaintiff,

  v.

KELSO HOUSING AUTHORITY,

          Defendant.

CASE NO. 22-CV-05607-BHS

TEMPORARY RESTRAINING ORDER

THIS MATTER came before the Court on Plaintiff's Motion for a Temporary Restraining Order. Plaintiff seeks to enjoin the Kelso Housing Authority from terminating her Housing Choice Voucher and failing to pay the voucher portion of her rent. Plaintiff alleges that Defendant has refused to reasonably accommodate her in violation of anti-discrimination laws including the federal Fair Housing Act, as well as terminating her Housing Choice Voucher for activities protected by the First Amendment's Freedom of Association Clause, as well as violations of her rights under the Due Process Clause. Plaintiff alleges that, if accommodated, the Housing Authority would have to restore her voucher and allow her to continue living at her dwelling, under

ORDER - 1

such reasonable conditions as would be necessary to accommodate the Housing Authority's interests in controlling access to the dwelling's common areas.

The Court has considered the pleadings, briefs and submissions including Plaintiffs' Motion for Temporary Restraining Order the Declaration of Tammy Atchley, and the Declaration of Lisa Waldvogel.

This Court is authorized to issue temporary restraining orders by Fed. R. Civ. P. 65(b). The standard is identical to that for a preliminary injunction. *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). The Court must consider (1) whether plaintiffs are likely to succeed on the merits; (2) whether they are likely to suffer irreparable harm in the absence of the preliminary relief; (3) if the balance of hardships tips in their favor; and (4) whether the injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc*, 555 U.S. 7; 129 S.Ct. 365, 375 (2008).

The Ninth Circuit's "serious question" test survives Winter, but a showing of irreparable harm is necessary. *Winter* 129 S.Ct. at 375 ("plaintiffs seeking preliminary relief [must] demonstrate that irreparable injury is likely in the absence of an injunction."). The Ninth Circuit held that its "serious questions" approach is consistent with Winter and this Court should still apply that test consistent with *Winter*. *Alliance for Wild Rockies v. Cottrell*, 635 F.3d 1127, (9th Cir. 2011). The Court may grant the injunctive relief if there are serious questions going to the merits of the case and a balance of hardships that tips sharply towards the plaintiff, "so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.*

1 | Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiffs have demonstrated the following:

1. Plaintiff is likely to succeed on the merits of her complaint that the Housing Authority failed to reasonably accommodate her and, therefore, the termination of her tenancy violates the Fair Housing Act and the Washington Law Against Discrimination. Plaintiff is also likely to prevail on her claims that her Housing Choice Voucher was terminated in violation of the Due Process Clause's protections requiring notice of the alleged violations that form the basis of a proposed termination. Finally, Plaintiff is also likely to prevail on her claim that the Housing Authority's termination of her Housing Choice Voucher violated her rights to substantive due process because it was arbitrary and capricious to terminate her tenancy for a violation that is not part of her rental agreement, house rules, or voucher contract.

2. More significantly, Plaintiff will suffer irreparable harm if the Defendant is not enjoined because she cannot afford other housing, cannot pay her current rent to the Housing Authority, and will become homeless if evicted. Additionally, Plaintiff's tenant history is likely to be irreparably harmed by the mere filing of an eviction, even if she were to ultimately prevail in that action.

3. The balance of harms tips sharply in favor of granting the temporary restraining order because when faced with a conflict between financial concerns and preventable human suffering, the balance of hardship tips in the favor of preventing human suffering. The Housing Authority's harm, by contrast, is minimal and they could continue to receive rent from the voucher payment.

4. Enjoining the Housing Authority is in the public interest because the public has an interest in the eradication of housing discrimination and in not increasing preventable homelessness.

5. Since Plaintiff appears to be indigent and the Defendant is in a position to not experience economic loss, no security bond is required pursuant to Fed. R. Civ. P. 65(c). Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Plaintiff's Motion for a Temporary Restraining Order is GRANTED. The Court orders that the Defendant is enjoined from terminating Tammy Atchley's Housing Choice Voucher, or taking any future steps to evict her from her residential unit during the pendency of this Order and until such time as the Court vacates this Order.

This Temporary Restraining Order shall be binding as provided in Fed. R. Civ. P. 65(d) and shall remain in effect until further order of the Court.

A hearing on Plaintiffs' Motion for Preliminary Injunction is set for August 29, 2022, at 3:30 p.m., in the Honorable Benjamin H. Settle's Courtroom, United States Courthouse, Tacoma, Washington.

Plaintiffs provided notice of its intent to file the instant motion to the Defendant under LCR 65 and that irreparable harm will result if relief is delayed. Actual notice shall be given to the Defendant of this order before 5:00 p.m. on August 22, 2022.

Dated this 19th day of August, 2022.

BENJAMIN H. SETTLE
United States District Judge